## SUPREME COURT.

### Louis Meyer agt. Theresa Meyer.

Where a marriage contract is found, upon due proof, to have been procured by deception and fraud, it will be declared void.

*Ulster county.*

*To the supreme court of the state of New York:*

In pursuance of an order of this court, made in the above entitled action, by which it was referred to me, the undersigned, as referee to take proof of all the material facts charged in the complaint and answer, and to report the same to the court, together with my opinion thereon, I, the subscriber, as such referee, do hereby report:

That I have taken the proofs offered in this action, counsel for both parties attending, and such proofs are hereto subjoined and made a part of this report.

That on the 21st day of July, 1872, in the city of New York, the plaintiff and defendant were united in marriage according to the rites and ceremonies of the Hebrew church, both parties for several years prior thereto having been and then being inhabitants and residents of the state of New York; and the plaintiff married the defendant under the belief that she was free from disease and physically competent and capable to perform toward him all the duties and functions of a wife, including the bearing of children.

That at the time of said marriage the defendant had, and for four or five years previous thereto had had, vaginal and uterine leucorrhœa, for which she had been under medical treatment, but was not cured, and marriage was sought as a means of cure.

After marriage there was a profuse and very offensive discharge from the diseased. parts, covering her underclothing and causing such a stench that her husband could not occupy the same bed with her and scarcely the same room. A medical examination showed that the neck of the womb was indurated, raw and considerably enlarged, and there was an offensive discharge from the uterus and also from the vagina, and the disease appeared to have existed for some considerable time and to have become chronic.

The defendant at first denied that she was diseased, but finally admitted to her husband that she had been diseased for three or four or five years, and had been under medical treatment, and that "her folks told her if she got married she would get better."

Her father and some of her family relatives seem to have been very persevering, active and artful, with the knowledge of the defendant, in bringing about and hastening her marriage with the plaintiff after they became acquainted.

The fact that she offered herself to the plaintiff for marriage, amounted to a representation which the plaintiff had the right to believe, that she was in a marriageable condition and free from any disease which would hinder her from entering into that relation. Nevertheless she concealed her diseased condition from the plaintiff and thus induced him to marry her, and but for this deception and fraud the plaintiff would not have married her.

The plaintiff has not lived or cohabited with the defendant since he discovered her diseased condition.

The parties have no children and never have had any.

There is testimony tending to show that the defendant has, since this action was commenced, been cured. This testimony is mainly that of Dr. John O. Bronson, inasmuch as Dr. Charles A. Budd's testimony depends almost, if not exclusively, for the identity of the defendant upon the testimony of Dr. Bronson. Dr. Bronson appeared confused and considerably excited while on the witness stand, without any

apparent cause, and altogether he did not impress me as a very safe, accurate or reliable witness. He appeared to have a strong feeling of bias in favor of the defendant. He stated that in giving his testimony he had mistaken the case of the defendant for the case of Miss Euchback, and produced his account or memorandum book to confirm this view, although he could not find Miss Euchback's name on his book for that time, and although he had not treated Miss Euchback for any such disease. But for the deception and fraud aforesaid, the plaintiff would not have married the defendant, and for this deception and fraud, it is my opinion that the plaintiff is entitled to judgment declaring void the said marriage contract, on the ground that his consent thereto was obtained by fraud.

The cure of disease is very desirable and proper, but marriage and the possible taint of children, as a means of cure, is a fraud upon the party on whom it is practiced, for which the law affords a remedy.